Opinion filed December 30, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed December 30,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-09-00216-CR

                                                    __________

 

                            CLARENCE EDWARD WEAVER, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 413th District Court

 

                                                       
Johnson County, Texas

 

                                                  Trial
Court Cause No. F40449

 



 

                                              M E M
O R A N D U M   O P I N I O N

This is an appeal from a judgment revoking community
supervision.  We dismiss.








The trial court originally convicted Clarence Edward
Weaver, upon his plea of guilty, of theft and assessed his punishment at
confinement in a state jail facility for two years.  Pursuant to the plea
bargain agreement, the imposition of the sentence was suspended, and appellant
was placed on community supervision for five years.  At the hearing on the
State=s motion to revoke, appellant entered pleas of true
to the allegations that he had violated the terms and conditions of his
community supervision.  The trial court found the allegations to be true,
revoked appellant=s community supervision, and imposed a sentence of
confinement for twenty-four months in a state jail facility.

Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel
presents three potential points of error.

First,
counsel examines whether appellant was properly admonished as to the range of
possible punishment.  As counsel notes, appellant was properly admonished when
he entered his original guilty plea, and further admonishment at the revocation
hearing was not required.  The first potential point is overruled.

Second,
counsel considers whether the trial court abused its discretion by finding the
allegations to be true.  As counsel notes, a plea of true alone is sufficient
to support the trial court=s
determination to revoke.  Moses v. State, 590 S.W.2d 469, 470 (Tex.
Crim. App. 1979); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App.
1979).  The second potential point is overruled.

Third,
counsel reviews the punishment assessed to determine if the trial court erred. 
Counsel observes that the punishment assessed was within the range for the
offense of theft as defined by Tex.
Penal Code Ann. '
31.03(e)(4)(A) (Vernon Supp. 2009).  A penalty assessed within the range of
punishment established by the legislature will not be disturbed on appeal. Jackson
v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Bradfield v. State,
42 S.W.3d 350, 354 (Tex. App.CEastland
2001, pet. ref=d). 
The third potential point is overruled.

Counsel
has provided appellant with a copy of the brief and advised appellant of his
right to review the record and file a response to counsel=s brief.  A response has
not been filed.  Court-appointed counsel has complied with the requirements of Anders
v. California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161 S.W.3d
173 (Tex. App.CEastland
2005, no pet.).








Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State, 
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The
motion to withdraw is granted, and the appeal is dismissed.

 

PER CURIAM

 

December 30,
2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.